### STEIGER v. LONDON et al.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

1. COURTS (§ 113*)—TAKING RECORDS FROM FILES.

Attorneys for one party may not, even with consent of the clerk, remove papers from the court files.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 365, 366; Dec. Dig. § 113.*]

2. COURTS (§ 113*)—BILL OF PARTICULARS IN JUDGMENT ROLL—REMOVAL.

A bill of particulars incorporated in the judgment roll, which is filed, is on file as part of the judgment roll; and so, under Code Civ. Proc. § 727, providing that a process, pleading, or record shall not be altered without direction of the court, may not be removed therefrom by one of the parties.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 365, 366; Dec. Dig. § 113.*]

3. JUDGMENT (§ 279*)—JUDGMENT ROLL—BILL OF PARTICULARS—"PLEADINGS."

A bill of particulars served on demand or order is part of the pleadings within Code Civ. Proc. § 1237, providing what the judgment roll shall contain, especially where plaintiff requests that it be included therein, and defendants in making it up do so.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 279.*

For other definitions, see Words and Phrases, vol. 6, pp. 5409–5411; vol. 8, p. 7756.]

Appeal from Special Term, New York County.

Action by Ferdinand Steiger against Julius London and others. From so much of an order as denied a motion to compel defendants London and Press to restore and replace in the judgment roll a bill of particulars, plaintiff appeals. Reversed and motion granted.

See, also, 52 Misc. Rep. 462, 102 N. Y. Supp. 497.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, McLAUGHLIN, and DOWLING, JJ.

Louis O. Van Doren, for appellant.

James, Schell & Elkus (Joseph M. Proskauer, of counsel), for respondents.

CLARKE, J. This was an action to foreclose a mechanic's lien. The defendants had served a verified bill of particulars of their answer and counterclaim.

The case was tried at Special Term, and judgment directed against the plaintiff in favor of the defendants. On March 19, 1910, the plaintiff's attorney wrote to the defendants' attorneys:

"In making up the judgment roll herein I shall ask you to be careful to insert therein London & Press's bill of particulars of their answer to the amended complaint."

The judgment roll was filed in the clerk's office on the 25th of March, 1910. After it was entered, it was examined and the said bill of particulars was found on file as a part of said judgment roll. On March 31st plaintiff's attorney received a letter from the defendants' attorneys, as follows:

. "We wish to inform you that defendants' bill of particulars, verified January 30, 1910, was inadvertently left in the clerk's office with the judgment roll and has been taken away by us. The withdrawal was made on notice to and with the consent of the clerk. We shall take the position that it does not form a necessary part of the judgment roll. The bill of particulars was never marked filed in the office of the clerk. We give you this information so that you may, if you desire, raise the question on motion as to whether the bill of particulars is a necessary part of the judgment roll."

Thereafter the plaintiff made a motion for an order directing the defendants to restore and replace in said judgment roll the bill of particulars, which motion having been denied this appeal was taken.

The conduct of defendants' attorneys does not seem to have been warranted. If it should be admitted that attorneys have the right to remove papers from the court files, as they see fit, even with the consent of the clerk, no end of mischief might ensue. Section 727 of the Code of Civil Procedure provides that:

"A process, pleading or record, shall not be altered by the clerk, or any other officer of the court, or by any other person, without the direction of the court, or of another court of competent authority. * * *"

The claim is unsound that the bill of particulars had not been filed, because it was physically incorporated in the judgment roll which was filed. The bill of particulars was therefore on file as part of the judgment roll, and could not legally be removed therefrom except by order of the court. The court has refused upon motion to order said bill to be restored to the files, presumably upon the ground that it did not belong in the judgment roll. Section 1237 of the Code of Civil Procedure provides that the judgment roll "must consist, except where special provision is otherwise made by law, of the following papers: The summons, the pleadings, or copies thereof, the final judgment, and the interlocutory judgment, if any, or copies thereof, and each paper on file, or a copy thereof, and a copy of each order which, in any way, involves the merits or necessarily affects the judgment. * * *"

It is claimed that the bill of particulars is no part of the pleadings, and Arrow S. S. Co. v. Bennett, 23 Civ. Proc. R. 234, 26 N. Y. Supp. 948, is cited as an authority. That case, as well as other cases that might be cited, presented the situation of a judgment entered upon the pleadings or upon an issue of law raised by a demurrer, and, of course, no facts essential to a cause of action can be deemed added to a pleading by a bill of particulars so as to meet a motion or a demurrer upon the ground of insufficiency.

A verified bill of particulars, served upon demand or in compliance with an order, is to be considered before the court precisely as the pleadings are before it, and needs not to be offered in evidence. The cases are innumerable which have held that a bill of particulars is an amplification or a restriction of a pleading.

We see no reason, therefore, why such paper should not be deemed included within the terms of the section providing what the judgment roll shall contain, especially where, as in the case at bar, the plaintiff requested that such paper be incorporated in the judgment roll and the defendants' attorneys who made it up acceded to said request by so

including it. Whether upon the trial plaintiff waived the restrictions set up in the bill or by his conduct may be held to have abandoned them is a question to be determined on the appeal from the judgment. The fact that one party strenuously demands that such paper be before the court when it comes to review the whole case and the other party as strenuously opposes such contention, even to the extent of removing without authority said bill from the files, seems in and of itself sufficient to require the insertion thereof.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

